IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEVIN LEIGH WILLIAMS, #T1193                                           PLAINTIFF

VS.                                                   CIVIL ACTION NO. 3:18-cv-292-FKB

LIEUTENANT JAMES STEFFEN and
JOHN AND JANE DOES                                                    DEFENDANTS

<u>ORDER</u>

This case is before the Court on Defendant James Steffen's Motion for Summary Judgment [43], to which Plaintiff has not responded. Plaintiff has, however, filed a number of discovery-related motions also before the Court, including a Motion to Compel [46], a Motion for Additional Discovery [52], and a Motion for Extension of Time to Complete Discovery and Dispositive Motions [53]. Defendant James Steffen filed a response [49] in opposition to the motion to compel, to which Plaintiff filed a reply [51]. Defendant filed no response to the other motions [52], [53]. Having considered the parties' submissions, the Court finds that Defendant's summary judgment motion [43] should be granted, and Plaintiff's motions [46], [52], [53] should be denied.

**I. Factual Background**

Plaintiff Kevin Leigh Williams is a convicted and sentenced inmate in the custody of the Mississippi Department of Corrections ("MDOC"). At the time of the incidents giving rise to this action, Williams was incarcerated at East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi. He is proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"). He claims Defendant Steffen violated the Eighth Amendment prohibition against cruel and unusual punishment and has brought this suit pursuant to 42 U.S.C. § 1983.

Williams's claim arises from an incident which occurred on December 2, 2017. [1] at 5; [17] at 1. Williams alleges that on that date, he was offered a cigarette which, unknown to him, was laced with a mind-altering substance known as "spice." [1] at 5; [17] at 1; [32] at 6:20-7:13.

1

According to Williams, he smoked the cigarette and passed out. [17] at 1.  He further alleges that after he was taken to the medical department, he "was freaking out in [his] mind thinking he had been stabbed." *Id.*  He states in his complaint that he "r[a]n out of the medical department doors grieving over being stabbed in thought," and also states that he "was not in [his] right mind at the time" and that he "was out of it" because of the laced cigarette.  [1] at 5-6; see also [32] at 6:22-23 ("When I ran out of medical, I thought I was dying because it was laced with Spice.").  Williams testified that after he bolted out of the medical department, a number of officers restrained him, and Steffen handcuffed him without double-locking the cuffs, causing him pain. [32] at 7, 10-11. Williams testified:

> After that happened, he [Steffen] told me to get down.  So I got down on the floor, and he put handcuffs on me.  *I'm not complaining about that.  It's just that he didn't double-lock them*. . . . I knew I was in pain.  *I just didn't know what it was*, and it kept making me pass out.

*Id*. at 7 (emphasis added).  Williams maintains that he kept passing out because the handcuffs were too tight. *Id.* at 7, 10-11. However, he also testified that he never actually told the officers what was happening with his handcuffs until after the initial interaction with Steffen was over and he was on his way to the lockdown unit. *Id.* at 9-10.  Further, Williams testified that he "can't say" that Steffen intentionally handcuffed him too tightly. *Id.* at 13-14.

Williams also alleges that after the incident, Steffen declined his request for medical treatment, and this led him to file suit. *Id.* at 11.  Yet, Plaintiff testified that after he kept passing out, prison personnel "kind of doctor[ed] on" him.  *Id.* at 10.  Moreover, Plaintiff admitted that at the time, he did not ask anyone other than Steffen for medical treatment, and after submitting a sick call, he was seen in the medical department and received treatment. *Id.* at 11-18.  Plaintiff testified that he underwent a course of treatment that included pain medicine and ongoing wound care "every day or every week." *Id.* at 11-12.

2

In support of his summary judgment motion, Lieutenant Steffen submitted a declaration [43-3] detailing his version of the subject incident and maintaining that he was not the officer who placed the handcuffs on Williams. [43-3] at 2. However, for purposes of the instant motion, the Court assumes that Steffen was the handcuffing officer, as Williams contends. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (in ruling on summary judgment motion, court is to resolve factual controversies in favor of the nonmovant).

## II.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III.  Analysis

**A.    Eighth Amendment Claims**

Williams claims that Defendant Steffen used excessive force to subdue him by applying handcuffs too tightly. "'The core judicial inquiry' 'whenever prison officials stand accused of

3

using excessive physical force in violation of the Cruel and Unusual Punishments Clause' is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Bourne v. Gunnels*, 921 F.3d 484, 491 (5th Cir. 2019) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).  The following five factors are considered to determine whether excessive force has been applied: "(1) 'the extent of [the] injury suffered,' (2) 'the need for [the] application of force,' (3) 'the relationship between that need and the amount of force used,' (4) 'the threat reasonably perceived by the responsible officials,' and (5) 'any efforts made to temper the severity of a forceful response.'" *Id.* (internal quotation marks and citations omitted).  Further,

> "[t]he amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed." *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir.1996). To this end, when evaluating *Hudson* factors, the finder of fact must keep in mind that prison officials "may have had to act quickly and decisively." *Valencia*, 981 F.2d at 1446. Accordingly, they are entitled to wide-ranging deference. (This is so well known that no authority need be cited.)

*Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998).

With respect to the first *Hudson* factor, the Court considers Williams's claims that as a result of the cuffing incident, he had pain, bruises which "went away [in] . . . a week or two," lack of feeling in his hands for approximately three months, and "marks" that are still visible. *Id.* at 8, 12.  Factors (2), (3), and (4) weigh against a finding of excessive force, as Williams acknowledges that at the time of the incident, he was "freaking out" in a drug-induced state and that he does not take issue with Steffen's decision to handcuff him.  As for factor (5), the use of handcuffs was, itself, a reasonable effort to temper the severity of a forceful response to Plaintiff's behavior and, therefore, weighs against a finding of excessive force. Having considered the relevant sequence of events as detailed in Williams's complaint [1], declaration [17], and testimony [32], the Court concludes that application of the *Hudson* factors supports a finding that Steffen did not use excessive force on Williams.

In addition, the Fifth Circuit has on more than one occasion specifically addressed excessive force claims involving cuff restraints by law enforcement and correctional officers:

> In *Fulford v. King*, 692 F.2d 11, 14–15 (5th Cir.1982) we found the use of handcuffs or other restraining devices constituted a rational security measure and cannot be considered cruel and unusual punishment unless great discomfort is occasioned deliberately as punishment or mindlessly, with indifference to the prisoner's humanity. In *Fulford*, the evidence at trial demonstrated that less restrictive alternatives of ensuring security during trips outside the prison were available to the state. We concluded, however, that the Eighth Amendment does not require "that the state use the best means available for confining its prisoners." *Fulford*, 692 F.2d at 14 n. 7. It merely requires that the punishment not be "cruel and unusual."

*Jackson v. Cain*, 864 F.2d 1235, 1243–44 (5th Cir. 1989).  In *Jackson v. Cain*, the plaintiff alleged that the handcuffs were placed so tightly on his wrists that they caused permanent injury. *Id.* at 1243.  The Fifth Circuit found that, even with permanent injury, the facts of the case did not rise to the level of cruel and unusual punishment.  *Id.* In reaching this decision, the court considered that the plaintiff "never allege[d] that great pain was caused deliberately by the officers or that this kind of handcuff was not customarily used on prisoners" similarly situated. *Id.*  Along the same lines, in *Glenn v. City of Tyler*, the Fifth Circuit found that "handcuffing too tightly, without more, does not amount to excessive force." 242 F.3d 307, 314 (5th Cir. 2001).  In *Glenn*, the Court noted that there was no allegation that the handcuffing officer "acted with malice." *Id.*   In this case, Williams—like the plaintiffs in *Cain* and *Glenn*—did not testify that the alleged severity of Steffen's cuffing was intentional. [32] at 13-14. In fact, when asked whether he "believe[d] that Lieutenant Steffen was intentionally trying to make [the handcuffs] too tight," Williams responded, "I can't say that because I don't know." *Id.*

Thus, under both the *Hudson* factors and binding precedent evaluating use of handcuffs, Williams's excessive force claim does not rise to the level of a constitutional violation.

Likewise, to the extent Williams asserts a claim for deliberate indifference to medical needs, his account of the incident fails to present a violation of constitutional rights.  "In order to

5

show that his medical care violated the Eighth Amendment, [a plaintiff] must allege that prison officials were deliberately indifferent to his serious medical needs." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Id.* (citing *Estelle* at 105–06, 97 S.Ct. at 291–92). Based on Williams's own testimony, he received medical care after making a sick call request. Accordingly, Steffen's alleged inaction, in light of the medical treatment Williams received, did not violate his constitutional rights.

## IV.   Conclusion

For the reasons stated above, Defendant Steffen's Motion for Summary Judgment [43] is hereby granted, and Plaintiff's discovery-related motions [46], [52], [53] are denied as moot. Plaintiff's claims are dismissed with prejudice as they do not rise to the level of a constitutional violation.

SO ORDERED, this the 10th day of March, 2021.

    /s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE